UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Lejeune                                                                 Civil Action 09-0194

versus                                                                   Judge Tucker L. Melançon

OMNI Energy Services Corp.,                               Magistrate Judge Methvin
et al

## MEMORANDUM RULING AND ORDER

Before the Court is OMNI Energy Services Corporation and Preheat, Inc.'s (jointly referred to as "OMNI") Motion to Dismiss Pursuant to FRCP 12(b)(6)(7) or, In The Alternative, Motion to Transfer [Rec. Doc 13] the Bill of Interpleader filed by plaintiff-in-interpleader, Jeff W. Elmore, [Rec. Doc. ].

This action was originally filed on January 22, 2009, in the Fifteenth Judicial District, Parish of Lafayette, State of Louisiana, and was removed to this Court on February 4, 2009. *R. 1*. Plaintiff Brice Lejeune's State Court Petition alleges that he was originally employed as a manager by Preheat, Inc. and that he remained so employed as manager by OMNI Preheat, the company formed following Preheat's sale to OMNI. *Petition, ¶ 2*. Plaintiff further alleges that on January 22, 2008 he was terminated in violation of the "disability discrimination and accommodation laws" and "age discrimination laws." *Id. at ¶¶ 5; 6*. Plaintiff also alleges that his termination was intentionally calculated by OMNI Preheat to interfere with his

1

contractual rights under the Key Employee Escrow Agreement which would have entitled him to receive the sum of $50,000.00 upon remaining employed with OMNI Preheat for 36 months after the sale. *Id. at ¶7*. Plaintiff asserts that he filed a complaint with the EEOC about his disability and age related claims. *Id. at ¶8*. The record indicates that the EEOC issued to plaintiff a Notice of Right to Sue on February 25, 2009. *R. 52.*

Based on the record, on February 9, 2006, a Key Employee Escrow Agreement was entered into by Jeff W. Elmore, as "Escrow Agent," OMNI, Preheat, Robert H. Rhyne, Jr. and Brent Trauth. *R. 6, Exh. A.* The Agreement was part of an overall stock sale wherein Rhyne and Trauth sold their interest in Preheat to OMNI. Paragraph 2 (E-N) of the Agreement included a schedule of 10 Key Employees, including original plaintiff, Brice Lejeune. In conjunction with the Agreement, a Promissory Note in the sum of $800,000.00 was executed by OMNI as maker and delivered to Elmore in accordance with the terms of the Agreement. *R. 6, Exh. B.* On or about February 4, 2009, Elmore was informed by OMNI that OMNI intended to fund a portion of the Note and instructed Elmore to provide wiring instruction for the funding. The maturity date of the Note was February 9, 2009. On February 10, 2009, Elmore was informed by OMNI that OMNI had funded a portion of the Note through Michael D. Hebert of Milling Benson Woodward, LLP, and the Milling Benson Woodward, LLP, would serve as the escrow agent instead of Elmore.

On February 21, 2009, Elmore, solely in his capacity as Escrow Agent appointed in the Key Employee Escrow Agreement, filed into the record of this proceeding the Bill of Interpleader OMNI seeks to have dismissed. Elmore names as defendants-in-Interpleader OMNI, Preheat, Robert H. Rhyne, Jr., and Brent Trauth as well as the 10 Preheat employees named in the Key Employee Escrow Agreement, including plaintiff Brice Lejeune. Elmore represents that following the maturity date of the Note, he received notice of objections from more than one defendant-in-Interpleader based on the interpretation of the Agreement and the funding of the Note. *R. 6, Exh. C.* Elmore instituted the Interpleader to deposit the Note with the Court, in trust, in order to permit the parties in interest to ascertan their respective rights, if any.

The doctrine of "ancillary jurisdiction" recognizes the power of a federal court, once proper subject matter jurisdiction of the main claim has been established, to adjudicate as incidental thereto, a related claim based wholly on state law asserted by the defendant against a nondiverse impleaded third-party defendant. *Rogers v. Aetna Cas. and Sur. Co.*, 601 F.2d 840, 843 (5th Cir. 1979). Here, there is no diversity of citizenship between the interpleader-plaintiff and interpleader-defendants. Because the Court has jurisdiction over plaintiff's Title VII claims, however, it has jurisdiction to consider the interpleader action as ancillary to the federal claims.

Interpleader is a device which allows a party in possession of money or

property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits. An interpleader action may be instituted by a plaintiff when two or more persons have claims such that the plaintiff may be exposed to double or multiple liability. At this initial stage, the merits of these potential claims are irrelevant; the threat of multiple vexation by future litigation provides sufficient basis for interpleader under F.R.Civ.P. 22. *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 363 -364 (5th Cir. 1983); *White v. F.D.I.C.*, 19 F.3d 249, 251 (5th Cir. 1994). Once money is deposited into the court's registry, the money is held by the court pending a determination of which party's claim is superior. In other words, "[t]he court can be said to have taken custody of the money for the benefit of the rightful owner, creating a trust for the purpose of preserving the funds and thereby securing the rightful owner's claim to them." *White* at 252.

OMNI brings its motion to dismiss under Federal Rules of Civil Procedure 12(b)(7), failure to join indispensable party. "Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include "(1)

prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed. *HS Resources, Inc. v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003). OMNI fails to provide any basis whatsoever in its memorandum why its motion should be granted under Rule 12(b)(7). *R. 13-2.* In particular, OMNI takes no position on which parties not already joined as interpleader-defendants are indispensable parties.

In the alternative, OMNI moves the Court to transfer the matter to Civil Action No. 6:08-CV-00594, in which interpleader-defendants Rhyne and Trauth filed suit against OMNI and the individual members of its Board of Directors asserting claims for violation of federal securities law and ERISA as well as state employment laws. The record indicates that on June 23, 2009, the United States District Judge assigned to Civil Action No. 6:08-CV-00594, dismissed the action with prejudice as to the federal claims and without prejudice as to the state law claims.

As OMNI has failed to provide any reason that the Bill of Interpleader be dismissed pursuant to Rule 12(b)(7) and as the civil action in which it contends the Bill of Interpleader should be "transferred and filed" has been dismissed, it is

ORDERED that OMNI Energy Services Corporation and Preheat, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6)(7) or, In The Alternative, Motion to

Transfer [Rec. Doc 13] is DENIED.

IT IS FURTHER ORDERED that the June 15, 2009 Scheduling Order deadlines in this action remain in effect and the March 22, 2010 trial of this matter will be limited to plaintiff Brice Lejeune's federal claims under Title VII for age discrimination and under the Americans with Disabilities Act ("ADA") for discrimination based on his disability or perceived disability under Rules 21 and 42 of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED, in Lafayette, Louisiana, on this 5th day of November, 2009.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE