# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Brice Lejeune                                      Civil Action No. 6:09-CV-0194

versus                                               Judge Tucker L. Melançon

Omni Energy Services Corp., et al          Magistrate Judge Methvin

## MEMORANDUM ORDER

Before the Court is plaintiff, Brice Lejeune's Motion To Dismiss Pursuant to Rule 56(f) [Rec. Doc. 61] and Omni's Opposition thereto [Rec. Doc. 70].   Plaintiff moves to dismiss Omni's motion for summary judgment, or alternatively that the motion should be held in abeyance and his opportunity to oppose it should be extended, pursuant to Federal Rule of Civil Procedure 56(f).  Plaintiff's motion is based on the following contentions: (1) Omni has "thwarted LeJeune's efforts to contact or obtain deposition testimony from a former Omni employee witness", Lisa Jacob, formerly Lisa Simmons ("Simmons/Jacob"), whose sworn declaration is attached to Omni's motion for summary judgment[1]; (2) plaintiff wishes to cite to deposition testimony obtained from the November 13, 2009 deposition of Omni's

---

[1] Plaintiff states that both parties listed "Lisa Simmons" in their Initial Disclosures and Omni listed her address as unknown.  Plaintiff further states that he recently learned, in the November 13, 2009 deposition of Omni's President/CEO, Brian Recatta, that Simmons/Jacob is married to a current employee of Omni.

President/CEO, Brian Recatta, and from the deposition of Mike Fernandez[2], but the transcripts have not been provided[3]; and, (3) plaintiff propounded discovery requests to Omni that have not been answered.  *R. 61-1.*

In its opposition to plaintiff's motion, Omni argues that plaintiff failed to comply with the September 21, 2009 discovery deadline in the Court's Scheduling Order, and now requests that the Court compel discovery almost three months after the deadline.  Omni represents that despite plaintiff's failure to comply with the discovery deadline, Omni has produced five witnesses for deposition since the close of discovery and was in the process of answering plaintiff's second set of interrogatories which were served on October 26, 2009, over a month after the discovery cutoff.  *R. 61-4.* With regard to the deposition of Simmons/Jacob, Omni asserts and the record indicates that on November 20, 2009, plaintiff's counsel paralegal, Dana Sosa, sent an email to Allison S. Montz in defense counsel's office requesting "[defense counsel's] available dates in the next few weeks for the deposition of Lisa Simmons." *R. 70-1, Exh. 2.*  On December 4, 2009, the date this motion was filed, plaintiff's counsel sent a letter to Omni's counsel requesting dates for Simmons-Jacobs' deposition. *Id. at Exh. 3; R. 61-3.*  That day, Omni's counsel advised plaintiff's counsel that he was trying to contact Simmons/Jacob and would

---

[2] Plaintiff does not provide the deposition date of Fernandez.

[3] Plaintiff states that "the transcripts will be ready shortly, possibly later today."

provide available dates as soon as he heard from her. *R. 70-1, Exh. 4.*  On December 8, 2009, Omni's counsel advised plaintiff's counsel that he had "heard back from Lisa Jacob" and that December 29 and December 30, 2009 were available for her deposition. *Id. at Exh. 5.*  Finally, Omni contends that plaintiff never contacted Omni prior to filing this discovery-related motion, and therefore, failed to comply with Local Rule 37.1.[4]  *R. 70.*  Nor did plaintiff raise any discovery issues for resolution in the telephone status conference conducted by the Court on December 1, 2009.  *Id. citing R. 65.*

> Plaintiff has filed this motion pursuant to Rule 56(f), which provides:
>
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56 does not explicitly require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy. The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment.

---

[4] Local Rule 37.1W states, "No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues...."  *Uniform District Court Rules, LR 37.1W.*

To obtain a Rule 56(f) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir.1990) (citations omitted). "The purpose of Rule 56(f) is to provide nonmovants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992).

The Fifth Court has recognized that "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir.1983); *see also Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir.1980); *Cf. First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968) (limitations on general pre-trial discovery and denial of further Rule 56(f) discovery not improper as additional discovery would merely amount to a fishing expedition and would unduly

harass defendant); *Aviation Specialties, Inc. v. United Technologies Corp*., 568 F.2d 1186 (5th Cir.1978). In *Wichita Falls*, the Fifth Circuit set out four requirements that a non-movant must satisfy to receive a continuance under Rule 56(f). First, he must request extended discovery before the court rules on summary judgment. Second, he must put the court on notice that further discovery relating to the summary judgment motion is being sought. Third, he must show how the requested discovery relates to the summary judgment motion. Fourth, he must have acted in a diligent fashion so as not to have put himself in the current position through inaction. *Id.*

The June 25, 2009 Scheduling Order issued by the Court in this matter provided that discovery was to be concluded by September 21, 2009.[5] If defendant refused to present relevant discoverable information, plaintiff had ample time to file motions to compel before the defendant filed its Motion for Summary Judgment, which coincidentally was on the cut off day for filing dispositive motions. Defendant did not file the Motion for Summary Judgment prematurely or before discovery concluded. Plaintiff has not brought any demonstration of outstanding discovery to the Court's attention prior to his Motion to Dismiss. Additionally, the Court has not received notice that further discovery relating to defendant's summary judgment

---

[5] This case was originally assigned to United States District Judge Richard T. Haik Sr. and a Scheduling Order was issued on March 5, 2009, setting the discovery deadline on August 12, 2009. *R. 10.* Upon transfer of the case to the undersigned, the Court's June 15, 2009 Scheduling Order extended the discovery deadline to September 21, 2009. *R. 44.*

motion is currently being sought, nor has plaintiff sufficiently shown how any future discovery might relate to the summary judgment motion.

Based on the foregoing, the Court finds that plaintiff has failed to meet any of the *Wichita* requirements.  Plaintiff has not presented specific facts explaining his inability to make a substantive response as required by Rule 56(e) or specifically demonstrating how postponement of a ruling on the Motion for Summary Judgment will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.  Accordingly, plaintiff's Motion to Dismiss Pursuant to 56(f) will be denied.

Thus done and signed this 23rd day of December, 2009 at Lafayette, Louisiana.


_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE